ON REHEARING
Before McBRIDE, CHASEZ and BAR-NETTE, JJ.
BARNETTE, Judge.
The judgment of April 7, 1965, which partitioned the community declared that Ronald J. Pennison was indebted to the community in the net amount of $7,756.01 and that the net value of the community was $11,248.79. The judgment ordered that Vera Tooley Pennison be paid the $3,492.78 in community assets on deposit in court and gave her a judgment against Ronald J. Pennison for $2,131.61, the balance due her as her share of the community estate.
A reexamination of the record reveals that intervenor Robert M. Pennison was recognized in the district court judgment of June 1, 1962, as a creditor of the community for the amount of $500. There has been no showing by appellee-that this judgment has been paid. The judgment by which the community property was partitioned subtracted that amount from the amount due to the community from Ronald J. Pennison. The effect of this was to require the intervenor to look’ to Ronald J. Pennison for the satisfaction of a community debt rather than to permit him to be paid out of the residue of the community assets on deposit with the Clerk of the Civil District Court. We are of the opinion that the judgment partitioning the community was in error in this respect. The debts of the community are to be paid out of the community fund. LSA-C.C. art. 2403. Since the community assets are on deposit with the district court, Robert M. Pennison is entitled to be paid from them.
As a result of this error, there is a concomitant error in the amount of the judgment rendered in favor of Vera Tooley Pennison against Ronald J. Pennison. If Robert M. Pennison is to be paid out of the community assets, then the amount cannot be credited on Ronald J. Pennison’s debt to the community. That debt, originally computed by the district court at $7,756.01, should be $8,256.01. This change will not affect the net value of the community estate, since the increase in the debt of Ronald J. Pennison to the community (which increases that community asset by $500) is balanced off by a reduction in the assets on deposit with the district court. Mrs. Penni-son, of course, is entitled to an increase in her judgment against Ronald J. Pennison to compensate her for the decrease in the funds on deposit and to keep the total amount of her judgment for her half of the community constant.
For the reasons assigned, the judgment of the district court partitioning the community property is amended to order and direct the Clerk of the Civil District Court to pay Robert M. Pennison $500 out of the sum on deposit with the said Clerk and to pay to Vera Tooley Pennison the remainder of the sum on deposit, to wit, the sum of $2,992.78. The judgment is further amended to decree that Ronald J. Pennison is indebted to the community of acquets and gains in the amount of $8,256.01. The judgment is further amended to grant judgment in favor of Vera Tooley Penni-son and against Ronald J. Pennison for the balance due her as her share of the community estate, to wit, the sum of $2,631.61. In all other respects the judgment is affirmed. Appellee is to pay the cost of this appeal.
Amended and affirmed.